**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1604
_____

IN RE: TK HOLDINGS INC. et al., Debtors

DINA GONZALES,
                                        Appellant

v.

ERIC D. GREEN, trustee of the PSAN PI/WD Trust
doing business as Takata Airbag Tort Compensation Trust Fund
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:23-cv-00738)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 8, 2025
Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 9, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se litigant Dina Gonzales appeals from the District Court's March 6, 2024 decision, which affirmed the Bankruptcy Court's June 26, 2023 decision denying her motion to reconsider an expungement order issued by the Bankruptcy Court in 2020. For the reasons that follow, we will affirm the District Court's judgment.

I.

This appeal stems from Chapter 11 bankruptcy proceedings initiated by TK Holdings Inc. and its affiliated debtors (hereinafter collectively referred to as "Takata"). Takata manufactured airbag inflators that "had the potential to rupture upon airbag deployment, causing death and serious injury to automobile occupants. [Those] inflators were eventually the subject of the largest product recall in U.S. history." Dist. Ct. Dkt. No. 23, at 2. After Takata filed for bankruptcy, Gonzales filed a proof of claim against Takata, alleging injuries stemming from a 2011 accident during which an airbag in her Honda Accord failed to deploy (as opposed to rupturing upon deployment). Her claim was one of many brought against Takata by individuals who alleged injuries based on an airbag's failure to deploy.

The Trustee for the Takata Airbag Tort Compensation Trust Fund (hereinafter "Trustee" and "Trust") objected to that group of claims. The Bankruptcy Court subsequently held evidentiary hearings on the matter. Thereafter, in October 2020, the Bankruptcy Court disallowed and expunged that group of claims, concluding that the preponderance of the evidence demonstrated that Takata's airbag inflators played no role in airbags' failure to deploy.

2

About twenty-nine months later, in March 2023, Gonzales moved the Bankruptcy Court to reconsider the expungement order. Attached to that motion were several letters written by John Keller (an engineer and former Takata employee who had been blowing the whistle on Takata for years),[1] a 2021 safety recall report filed by Volkswagen Group of America, Inc., an excerpt from a 2017 Honda "Service Bulletin," excerpts from two reports submitted to the National Highway Traffic Safety Administration in 2016, an excerpt from a document prepared in connection with a 2015 congressional committee hearing, and excerpts from a 2015 consent order. The Trustee opposed Gonzales's motion.

In June 2023, the Bankruptcy Court denied Gonzales's motion, concluding that (1) the motion was untimely to the extent that it sought relief under Federal Rule of Civil Procedure 60(b)(2),[2] and (2) to the extent that the motion sought relief based on a showing of excusable neglect, see Fed. R. Civ. P. 60(b)(1), such relief was not warranted. Gonzales subsequently appealed to the District Court, challenging the Bankruptcy

---

[1] One of Keller's letters stated that, "[i]n November 2016[,] [he] learned about the Motor Vehicle Safety Whistleblower Act and filed a claim in early 2017." Dist. Ct. Dkt. No. 4-2, at 62.

[2] Absent exceptions that do not apply here, Rule 60 applies in the bankruptcy context. See Fed. R. Bankr. P. 9024(a). Rule 60(b)(2) provides that a court may relieve a party from a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); see Fed. R. Civ. P. 59(b) (providing that a motion for a new trial "must be filed no later than 28 days after the entry of judgment"). A motion under subsection (b)(2) must be filed within a year of the entry of the judgment in question, see Fed. R. Civ. P. 60(c)(1), and that deadline cannot be extended, see Fed. R. Civ. P. 6(b)(2).

Court's June 2023 decision.  In March 2024, the District Court affirmed that decision, concluding that the Bankruptcy Court had not abused its discretion in denying reconsideration.  Gonzales then timely filed the present appeal, challenging the District Court's judgment.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d)(1) and 1291.  "Because the District Court sat [here] as an appellate court, [we] conduct[] the same review of the Bankruptcy Court's order as did the District Court."  In re Odyssey Contracting Corp., 944 F.3d 483, 487 n.2 (3d Cir. 2019) (alterations in original) (citation to quoted case omitted).  Accordingly, like the District Court did, we review the Bankruptcy Court's decision denying reconsideration for abuse of discretion.  See In re Energy Future Holdings Corp., 904 F.3d 298, 312 (3d Cir. 2018).[3]

We agree with the Bankruptcy Court and the District Court that Gonzales's motion for reconsideration was untimely to the extent that it sought relief under Rule 60(b)(2), as it was filed more than one year after the entry of the Bankruptcy Court's expungement order.  See Fed. R. Civ. P. 60(c)(1).[4]  The remainder of our discussion concerns whether Gonzales was entitled to reconsideration based on a showing of excusable neglect.

_____

[3] "To the extent the Bankruptcy Court's determination was based on factual findings, we review such findings for clear error.  To the extent its determination was predicated on an issue of law, such an issue is reviewed de novo."  In re Energy Future Holdings Corp., 904 F.3d at 312 (internal quotation marks and citation omitted).

[4] To the extent that Gonzales's motion could be construed as seeking relief under Rule 60(b)**(6)** (providing that a court may relieve a party from a judgment for "any other reason that justifies relief"), such a motion had to be filed "within a reasonable time." See Fed. R. Civ. P. 60(c)(1).  The Bankruptcy Court did not specifically address Rule

"The test for excusable neglect is equitable, and [it] requires [a court] to weigh the totality of the circumstances." Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007) (internal quotation marks omitted). In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), "[t]he Supreme Court identified, without limitation, these factors to consider: 'the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" George Harms Constr. Co. v. Chao, 371 F.3d 156, 163-64 (3d Cir. 2004) (quoting Pioneer, 507 U.S. at 395); see Advanced Fluid Sys., Inc. v. Huber, 958 F.3d 168, 182-83 (3d Cir. 2020) (explaining that a court considers the Pioneer factors when "determining whether excusable neglect warrants setting aside a final judgment"). "All [of the Pioneer] factors must be considered and balanced; no one factor trumps the others." In re Am. Classic Voyages Co., 405 F.3d 127, 133 (3d Cir. 2005).

Here, the Bankruptcy Court identified the Pioneer factors, see Dist. Ct. Dkt. No. 1-1, at 2-3, and it concluded that a balancing of these factors weighed against Gonzales, see id. at 3 (concluding "that the length of the delay (without any proffered reason or explanation) and the burden upon the Trust mandate denial of the Motion"). The

60(b)(6). But the District Court did, concluding that Gonzales did not file her motion within a reasonable time, and that, in any event, "there are no extraordinary circumstances justifying reconsideration." Dist. Ct. Dkt. No. 23, at 16; see Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 284 (3d Cir. 2021) ("A court may grant equitable relief under Rule 60(b)(6) in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." (internal quotation marks omitted)). We see no basis to disturb that part of the District Court's judgment.

5

Bankruptcy Court explained that the Trust's "claim objection against Ms. Gonzales and other similarly[]situated claimants [had] concluded with a trial on the merits and a ruling in the Trust's favor nearly three years [earlier]," and that the Bankruptcy Court had "subsequently addressed precisely the same issue in the context of a different motion for reconsideration filed by a different creditor, and denied that request after extensive briefing and multiple hearings." Id. The Bankruptcy Court further explained that

> [t]he Trustee has credibly demonstrated that the Trust will suffer legal prejudice if the Motion for Reconsideration goes forward. The Court also notes that there is a real prospect of harm to the holders of allowed claims in this proceeding, as the Trustee represents that the administration of this case is nearing its conclusion and the cost and delay of continued legal proceedings places at risk their expected and approved distributions.

Id.

Having carefully reviewed the record and the parties' briefing, we cannot say that the Bankruptcy Court abused its discretion in concluding that a balancing of the Pioneer factors weighed in favor of denying Gonzales's motion for reconsideration.[5] Accordingly, we will affirm the District Court's judgment upholding the Bankruptcy Court's denial of reconsideration.

---

[5] To the extent that Gonzales's briefing raises other arguments in support of this appeal, none of them entitles her to relief.